On respondents' petition for reconsideration filed November 16, 2022; reconsideration allowed, former opinion (322 Or App 165, 519 P3d 870) modified and adhered to as modified January 25, 2023

RIDE PDX, LLC,
an Oregon limited liability company;
and Andrea Fenton, an individual,
*Plaintiffs-Appellants,*

*v.*

TEE & B, LLC,
an Oregon limited liability company,
dba Growler Guys; and
Tom Wise and Sue Wise, individuals,
*Defendants-Respondents.*

Multnomah County Circuit Court
18CV06420; A171923

524 P3d 571

Defendants petition for reconsideration in *Ride PDX v. Tee & B, LLC*, 322 Or App 165, 519 P3d 870 (2022), contending that the court made several factual errors in determining that there was a material question of fact precluding summary judgment in defendants' favor on plaintiffs' intentional interference with economic relations claim. *Held*: The court allowed reconsideration and modified its prior opinion to correct one factual error, but otherwise adhered to its opinion.

Reconsideration allowed; former opinion modified and adhered to as modified.

Stephen K. Bushong, Judge.

J. Kurt Kraemer argued the cause for appellants. Also on the briefs were Katie Jo Johnson and McEwen Gisvold LLP.

Brian R. Talcott argued the cause for respondents. Also on the brief was Dunn Carney Allen Higgins & Tongue LLP.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

SHORR, J.

Reconsideration allowed; former opinion modified and adhered to as modified.

**SHORR, J.**

Defendants petition for reconsideration of our decision in *Ride PDX v. Tee & B, LLC*, 322 Or App 165, 519 P3d 870 (2022), claiming that we made four factual errors when holding that there was a material question of fact precluding summary judgment in defendants' favor on plaintiffs' intentional interference with economic relations claim. As a result, defendants assert, there is no factual basis for the holding, and we should instead affirm the grant of summary judgment in their favor. Although we adhere to our disposition of the case, we allow reconsideration to address one of the factual errors identified by defendants and modify our prior opinion as described below.

Defendants contend, among other things, that we made a factual error when we stated that "defendants told Riva that the noise from Ride PDX negatively affected their employees." We agree with defendants that the record does not support that the statement was made to Riva and before Riva brought its ejectment action against plaintiffs. Hence, we modify our opinion to delete the last two sentences of the first full paragraph at 322 Or App at 180. With respect to the other claimed factual errors, we conclude that evidence in the record supports the opinion as written and we decline to reconsider those aspects of our decision. We further conclude—based on that evidence—that there remains a question of material fact as to whether defendants made misrepresentations to Riva regarding the noise disturbance coming from Ride PDX as an improper means of interfering with the economic relationship between plaintiffs and Riva. We therefore adhere to our disposition of the case.

Reconsideration allowed; former opinion modified and adhered to as modified.